IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION OF IOWA

| | |
|---|---|
| HARLEE DRURY and HEATHER REIMERS<br><br>　　Plaintiffs,<br><br>v.<br><br>AMERICAN AIRLINES, INC.,<br><br>　　Defendants. | CASE NO: 23-113<br><br>DEFENDANT'S MOTION FOR TRANSFER OF VENUE |

**COME NOWS** the Defendant, American Airlines, Inc., and pursuant to 28 U.S.C. §1391 and §1404(a), and submits its Motion for Transfer of Venue, and in support thereof states as follows:

**FACTUAL OVERVIEW**

1. On or about March 27, 2023, Plaintiffs filed their Petition in Iowa State Court, Polk County, against American Airlines, Inc., in a case styled *Harlee Drury and Heather Reimers v. American Airlines, Inc.*, in the Iowa District Court for Polk County, Law No. LACL155273.

2. Plaintiffs allege Defendant was negligent in the handling of their wheelchairs during the air transport of Plaintiffs and their wheelchairs from Des Moines, IA to Houston, TX, on September 10 and 11, 2022, alleging property damage, pain and suffering (mental anguish, anxiety and embarrassment), emotional distress and economic loss.

3. On April 6, 2023, Defendant removed this matter from the Iowa District

Court to the United States District Court for the Southern District of Iowa based upon the diversity of the parties, as Plaintiffs are Iowa residents and Defendant is a Delaware corporation with its principal office located in Fort Worth, Texas.

4. Plaintiffs, who are confined to powered wheelchairs, allege in their Petition they purchased tickets for a September 10, 2022, flight from Des Moines, IA, to Houston, TX. The Plaintiffs allege they boarded the flight in Des Moines, IA, had a brief layover in Dallas, TX, where they changed planes and reached their ultimate destination in Houston, TX.

5. Plaintiffs allege when they arrived in Houston, TX, they were informed their wheelchairs had not been transferred on to the plane traveling from Dallas, TX, to Houston, TX. The wheelchairs had inadvertently been sent to baggage claim in Dallas, TX, instead of transferred to the flight to Houston, TX. This allegation of course involves interaction with American Airlines personnel located in both Dallas, TX, and Houston, TX.

6. Plaintiffs Petition states upon being informed of the situation involving their powered wheelchairs, they were assisted to a hotel adjoining the airport by another travel companion and an employee of the airport in Houston, TX.

7. Plaintiffs allege they were confined for the night and part of the following day in the adjoining hotel, where they allege they sustained mental anguish, anxiety and embarrassment.

8. Plaintiffs' Petition states the following morning, they were informed by personnel of the Defendant at its help desk that Plaintiffs' wheelchairs had arrived but were damaged.

9. Plaintiffs indicate the wheelchairs were repaired by a technician during their

trip to Houston.

## RELIEF REQUESTED

10. The Defendant respectfully requests the Court enter an Order, substantially in the form attached hereto, transferring venue of these cases to the United States District Court for the Northern District of Texas, and for such other further relief is just and proper.

## ARGUMENT AND CITATION OF AUTHORITY

**I.     The Standard for Transfer of Venue**

28 U.S.C. §1391(b) provides:

A civil action may be brought in--

> **(1)** a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> **(2)** a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> **(3)** if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Under 28 U.S.C. §1404(a), the Court "for the convenience of parties and witnesses, in the interest of justice…may transfer any civil action to any other district or division where it might have been brought…" A party does not lose the right to move the Court for a transfer of venue under §1404(a), by removing a case from state court to a federal court, as has been in the case at bar. *See Lee v Ohio Casualty Ins. Co.* (DC Del) 445 F Supp 189; *Stewart v Atchison, T. & S. F. R. Co.* (1949, DC Mo) 92 F Supp 172. "The moving party has the burden of proof, and must make a convincing showing of the right to transfer." *American Standard, Inc. v. Bendix Corp.*, 487 F.Supp. 254, 261 (W.D.

Mo. 1980). The power of the Court to transfer is limited to those district where the case might have been brought. *See* U.S.C. §1404(a); *American Standard, Inc. v. Bendix Corp.*, 487 F. Supp at 261.

"In order to meet the requirements of §1404(a), the movant must establish "(1) that venue is proper in the transferor district; (2) that the transferor court has the power to transfer the case (that is, that the transferee court is in a district 'where it might have been brought'); and (3) that the transfer is for the 'convenience of parties and witnesses, in the interest of justice.'" *Hotel Constructors, Inc. v. Seagrave Corp*, 543 F. Supp 1048, 1049 (N.D. Ill. 1982), *citing Hess v. Gray*, 85 F.R.D. 15, 24 (N.D. Ill. 1979). In considering factor number 3, a movant must show 'a clear balance of inconvenience' in the district where the matter was filed over the transferee district. *Hotel Constructors, Inc.*, 543 F. Supp. 1049. The Court considers the factors listed in §1404(a), while also giving weight to Plaintiff's choice of forum. *Id.* However, the significance of Plaintiff's choice of forum has been diminished since the enactment of §1404(a). *See Id., citing Norwood v. Kirkpatrick,* 349 U.S. 29, 32, 75 S.Ct. 544, 546, 99 L.Ed. 789 (1955); *SEC v. First National Finance Corp.,* 392 F.Supp. at 242*; Y 4 Design Ltd. v. Regensteiner Pub. Enterprises, Inc.,* 428 F.Supp. 1067, 1070 (S.D.N.Y.1977). The Plaintiff's choice of forum has reduced value when the forum lacks any significant contact with the underlying cause of action. *Id., see also Cunningham v. Cunningham,* 477 F.Supp. 632, 634 (N.D.Ill.1979).

## II.  Argument in Support of Transfer of Venue

In weighing the factors set forth in §1404(a), the balancing of considerations supports a transfer of venue to the United States District Court for the Northern District of Texas. Plaintiffs' choice of forum was located in the State of Iowa, where they of

course reside. Defendant is a Delaware corporation with its principal office located in Fort Worth, Texas. There of course exists a competing interest in the choice of forum based upon the residence of the parties. However, in examining the events alleged in Plaintiff's Petition, it is clear the matter would more appropriately be venued in the Northern District of Texas due to the situs of the incident(s) alleged and the location and availability of witnesses.

     Plaintiffs' choice of Iowa bears little nexus to the alleged negligent events Plaintiffs set forth in their Petition. In fact, the only connection the State of Iowa has to the events alleged in Plaintiffs Petition is that Plaintiffs purchased their tickets while they were in Iowa and boarded the Defendant's plane in Des Moines, IA. However, Plaintiffs make no allegations that any negligent conduct occurred in the State of Iowa or by individuals located in the State of Iowa. This suggests little to no connection between the alleged events of this lawsuit and the State of Iowa. It is clear the State of Texas bears a much greater connection to the matters alleged in this case.

     Plaintiffs' Petition alleges their powered wheelchairs were not transferred during their layover in Dallas, TX, to the plane they then flew upon to Houston, TX. They do not allege any negligent action in the loading of their powered wheelchairs when they boarded the plane in Des Moines, IA. Plaintiffs' further allegations then involve events allegedly occurring in Houston, TX. Again, Plaintiffs do not allege any interactions with Defendant's personnel located in Iowa that were somehow negligent or otherwise tortious. Thus, from the allegations of Plaintiffs' Petition it is clear Plaintiffs' choice of forum lacks any real significant connection to the events of this lawsuit and therefore should be given less deference. *Hotel Constructors, Inc.*, 543 F. Supp. 1049.

The analysis then next turns to the most important factor – the convenience of the witnesses. *See Hotel Constructors, Inc. v. Seagrave Corp.,* 543 F. Supp. 1051; *Schmidt v. Leader Dogs for the Blind, Inc.,* 544 F. Supp. 42, 48 (E.D. Pa. 1982); *Capitol Cabinet Corp. v. Interior Dynamics, Ltd.,* 541 F. Supp. 588, 591 (S.D.N.Y. 1982). This factor most certainly weighs in favor of transferring venue. Plaintiffs' Petition alleges negligent events and interactions with Defendant's personnel which occurred either in Dallas, TX, or Houston, TX. As such, the witnesses in this matter will overwhelmingly be located in these two locales – not Des Moines, IA. It is anticipated that witnesses would include a number of Defendant's (or other airport) personnel located either in Dallas, TX, or Houston, TX. Additionally, employees from the hotel Plaintiffs stayed in on September 10th, may be witnesses and are located in Houston. Finally, Plaintiffs allege a technician located in Houston repaired their powered wheelchairs during their trip. Given the allegations of damage to the wheelchairs, this individual will almost certainly be a witness in this case as well.

Conversely, the only witnesses located in Iowa other than Plaintiffs themselves would be their alleged travel companion, identified as Brianna Boner. The greater weight and balance of witnesses are located in Dallas and Houston. It would be more convenient for the greater weight of witnesses for this matter to be transferred to the United States District Court for the Northern District of Texas. This factor weighs in support of a transfer of venue.

Finally, the last factor for the Court's consideration is the "interest of justice". *Van Dusen v. Barrack*, 376 U.S. 612 (1964). Given the events alleged in Plaintiffs' Petition are alleged to have occurred in the State of Texas the interest of justice is in this matter being adjudicated by jurors from the State of Texas. Additionally, there is no

concern in regard to a discrepancy between the laws of the State of Texas and the State of Iowa as the Plaintiffs have alleged Defendant's conduct is negligent under the Code of Federal Regulations in regard to airline conduct. This factor also weighs in favor of transferring this matter to the United States District Court for the Northern District of Texas.

## CONCLUSION

The majority of the factors weigh in favor of transferring venue to the United States District Court for the Northern District of Texas. Accordingly, Defendant respectfully requests the Court enter an Order, substantially in the form attached hereto as Exhibit A, transferring venue of this case to the United States District Court for the Northern District of Texas and for such other relief as the Court deems just and proper.

**PEDDICORD WHARTON, LLP**

*/s/ Adam P. Bates*
**ADAM P. BATES, AT0010677**
Adam@peddicord.law
6800 Lake Drive, Suite 125
West Des Moines, IA 50266
Telephone: 515/243-2100
Facsimile: 515/243-2132
**ATTORNEY FOR DEFENDANT**

*Original e-filed.*

*Copies e-filed to:*

Michael Marquess AT0004892
Marquess Law Office, P.C.
203 W. High St., P.O. Box 51
Toledo, IA 52342
641-484-1001
mike@tamalaw.com
**ATTORNEY FOR PLAINTIFFS**

Wes Hoyer AT0014502
Marquess Law Office, P.C.
203 W. High St., P.O. Box 51
Toledo, IA 52342
641-484-1001
wes@tamalaw.com
**ATTORNEY FOR PLAINTIFFS**

PROOF OF SERVICE

The undersigned certifies that the foregoing instrument was served upon all parties to the above cause to each of the attorneys of record herein at their respective addresses disclosed on the pleadings on 4.10.23 via e-file and e-mail.

*/s/ Annette R. Andersen*
Signature