IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| HARLEE DRURY and HEATHER REIMERS, <br><br> Plaintiffs, <br><br> vs. <br><br> AMERICAN AIRLINES, INC., <br><br> Defendant. | 4:23-cv-00113-SHL-SBJ <br><br><br> **ORDER DENYING DEFENDANT'S MOTION FOR TRANSFER OF VENUE** |

Plaintiffs, both Iowa residents confined to wheelchairs, flew from Des Moines to Dallas to Houston on American Airlines. Their wheelchairs did not make it to their destination, though, due to alleged errors made by American Airlines personnel in Dallas. American Airlines argues the case should be litigated in the Northern District of Texas (where the mistakes allegedly occurred) instead of the Southern District of Iowa (where Plaintiffs live and boarded the original flight). The Court disagrees and DENIES Defendant's Motion for Transfer of Venue.

I.      BACKGROUND.[1]

Plaintiffs Harlee Drury and Heather Reimers, both Iowa residents, are confined to powered wheelchairs. (ECF 1, Ex. 1, ¶¶ 1–2, 12.) Plaintiffs purchased tickets through Defendant American Airlines to fly from Des Moines, Iowa, to Houston, Texas, in September 2022. (Id., ¶ 13.) The flights included a brief layover and transfer to a different airplane in Dallas, Texas. (Id., ¶ 14.)

As contemplated by their itinerary, Plaintiffs boarded their flight in Des Moines and entrusted their powered wheelchairs to American Airlines for transport to Houston. (Id., ¶¶ 18, 20.) Upon arriving in Houston, Plaintiffs learned that their powered wheelchairs were not loaded onto the connecting flight in Dallas. (Id., ¶ 26.) American Airlines employees used manual wheelchairs to transport Plaintiffs to the customer service counter, where Plaintiffs spoke with American Airlines personnel but did not obtain satisfactory assistance. (Id., ¶¶ 27–29, 32.) An airport employee and Brianna Boner, Plaintiffs' travel companion from Iowa, pushed Plaintiffs in manual wheelchairs to the adjoining airport hotel. (Id., ¶ 34.) Plaintiffs spent the night in this hotel instead of the hotel where they had reservations and expected to stay. (Id., ¶¶ 33, 35.)

---

[1] This section is based on the allegations in Plaintiffs' Petition (ECF 1, Ex. 1) but should not be construed as findings of fact.

The following day, Ms. Boner pushed each Plaintiff from the hotel to the American Airlines customer service desk at the airport. (Id., ¶¶ 40–41.) An American Airlines employee informed Plaintiffs that their powered wheelchairs had arrived but were damaged. (Id., ¶ 43.) Ultimately, Plaintiffs recovered their powered wheelchairs and were able to make the chairs sufficiently operational to leave the airport. (Id., ¶¶ 48–49.) They had to hire a technician to repair their wheelchairs in Houston. (Id., ¶ 48.)

In late March 2023, Plaintiffs filed their Petition in Iowa District Court for Polk County, alleging that American Airlines's negligence caused Plaintiffs to suffer property damage, pain, and suffering (mental anguish, anxiety, and embarrassment), emotional distress, and economic loss. (Id., ¶¶ 51–59.) Plaintiffs seek compensatory and punitive damages "in an amount to be determined." (Id., ¶¶ 58–59.)

On April 6, 2023, American Airlines removed this matter to federal court based on diversity of citizenship pursuant to 28 U.S.C. §§ 1332(a)(1) and 1441(b). (ECF 1.) In its Notice of Removal, American Airlines states that "[u]pon information and belief, Plaintiffs will allege damages that will exceed $75,000 and therefore the jurisdictional limit for removal is met." (Id., ¶ 3.) American Airlines further states that "Plaintiffs allege" they are residents of Iowa and American Airlines is a Delaware Corporation with a principal office in Fort Worth, Texas. (Id., ¶¶ 5–6.) Plaintiffs did not object or otherwise respond to the Notice of Removal.

On April 10, 2023, American Airlines filed the pending Motion for Transfer of Venue. (ECF 6.) American Airlines asks the Court to transfer the case to the United States District Court for the Northern District of Texas pursuant to 28 U.S.C. § 1404(a) because the alleged negligence occurred in that District. Plaintiffs resist. (ECF 9.)

## II.      LEGAL ANALYSIS.

### A.  The Court Has Subject Matter Jurisdiction.

Although Plaintiffs did not object to the Notice of Removal, the Court has an independent obligation to ensure the presence of subject matter jurisdiction. *Reid v. Doe Run Resources Corp.*, 701 F.3d 840, 843 (8th Cir. 2012). American Airlines removed this action based on diversity of citizenship as set forth in 28 U.S.C. § 1332(a)(1). The statute requires compete diversity of parties and that the amount in controversy exceed $75,000. Here, diversity of citizenship is satisfied: Plaintiffs are citizens of Iowa and American Airlines is a Delaware corporation with a principal place of business in Texas. Amount in controversy is also satisfied because American Airlines's

Notice of Removal alleges, "upon information and belief," that the amount in controversy exceeds $75,000. As Plaintiffs do not contest this allegation, and as the undersigned believes a plaintiff in a case of this nature commonly would seek more than $75,000 in compensatory and punitive damages (combined), the Court is satisfied that diversity jurisdiction exists. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014) ("[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court."); *Leflar v. Target Corp.*, 57 F.4th 600, 603 (8th Cir. 2023) ("[D]istrict courts must 'accept' the allegations in the notice [of removal] if they are 'made in good faith.'" (quoting *Dart*, 574 U.S. at 87)).

B.      *The Court Will Not Transfer the Case to the Northern District of Texas.*

28 U.S.C. § 1404(a) states: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The statute thus requires courts to evaluate three items: "(1) the convenience of the parties, (2) the convenience of the witnesses, and (3) the interests of justice." *Terra Int'l, Inc. v. Miss. Chem. Corp.*, 119 F.3d 688, 691 (8th Cir. 1997). Courts often combine the first two, which they evaluate according to the following factors:

> (1) the convenience of the parties, (2) the convenience of the witnesses—including the willingness of witnesses to appear, the ability to subpoena witnesses, and the adequacy of deposition testimony, (3) the accessibility to records and documents, (4) the location where the conduct complained of occurred, and (5) the applicability of each forum state's substantive law.

*Id.* at 696. These factors are not exhaustive, however, and courts must make "a case-by-case evaluation of the particular circumstances at hand and a consideration of all relevant factors." *Id.* at 691. Courts should "give considerable deference to a plaintiff's choice of forum and thus the party seeking a transfer under section 1404(a) typically bears the burden of proving that a transfer is warranted." *In re Apple, Inc.*, 602 F.3d 909, 913 (8th Cir. 2010) (citation omitted).

1. Convenience of the Parties and Witnesses Weighs Against Transfer.

The convenience of the parties weighs heavily in favor of keeping the case in the Southern District of Iowa. Plaintiffs are two private citizens who live in this District and suffer from physical disabilities, while American Airlines is a large corporation that operates one of the biggest passenger airlines in the country. American Airlines regularly conducts business in the Southern District of Iowa, operating daily flights in and out of the Des Moines International Airport. By contrast, Plaintiffs have no apparent ongoing contact with the Northern District of Texas and are

of limited financial means. Although litigating in Texas might be somewhat more convenient to American Airlines, it would be far less convenient for Plaintiffs, and would impose hardships on them that are not commensurate with the hardships imposed on American Airlines from litigating in the Southern District of Iowa. This factor therefore strongly supports denial of the Motion for Transfer of Venue. *See, e.g.*, *Terra Int'l*, 119 F.3d at 696–97 ("Merely shifting the inconvenience from one side to the other, however, obviously is not a permissible justification for a change of venue." (quoting *Scheidt v. Klein*, 956 F.2d 963, 966 (10th Cir. 1992))).

Convenience of witnesses does not weigh heavily in favor of either side. American Airlines asserts that there are more witnesses in the Northern District of Texas than the Southern District of Iowa, but it offers no factual support for this position, instead resting on arguments that litigating in Iowa will cause "a substantial disruption to [its] business operation" and "significant disturbance to the personal schedules of those potential witnesses." (ECF 10, p. 1.) In a situation where American Airlines bears the burden of proof, these arguments are not enough. American Airlines does not, for example, explain how many of its employees are likely to serve as witnesses in the case, who they are, or why there would be a "substantial disruption" or "significant disturbance" if the case is not transferred. Presumably, at most, the involvement of those unidentified witnesses would be limited to deposition and trial testimony. The former can—and probably will—occur in the Northern District of Texas regardless of where the case proceeds, while the latter often takes the form of deposition or video testimony. Thus, notwithstanding the superficial arguments made by American Airlines, there is no reason to conclude that the purported inconvenience of American Airlines witnesses is a persuasive reason to transfer the case to the Northern District of Texas. *See Terra Int'l*, 119 F.3d at 696. ("[S]heer numbers of witnesses will not decide which way the convenience factor tips.").

American Airlines similarly provides no persuasive factual support for its position that convenience to non-party witnesses favors transfer. "The convenience of non-party witnesses is generally considered to be one of the most important factors to be weighed in the venue transfer analysis." *Medicap Pharmacies, Inc. v. Faidley*, 416 F. Supp. 2d 678, 687 (S.D. Iowa 2006). The Court must, however, "examine the materiality and importance of the anticipated witnesses' testimony and then determine their accessibility and convenience to the forum." *Reid–Walen v. Hansen*, 933 F.2d 1390, 1396 (8th Cir. 1991). "The burden is on the defendant to provide these facts by way of affidavit or other information." *Id*. "[T]he party seeking the transfer must clearly

specify the essential witnesses to be called and must make a general statement of what their testimony will cover." *Medicap Pharmacies, Inc.*, 416 F. Supp. 2d at 687 (citation omitted).

American Airlines has made essentially no effort to satisfy this burden. It does not identify any non-party witnesses by name, much less explain what those witnesses are expected to say or why their testimony is "essential." American Airlines does not suggest it would be unable to subpoena these unidentified witnesses if the case remains in the Southern District of Iowa, nor does it offer any persuasive reason why the use of video depositions or similar technology would not help address the inconvenience those unidentified witnesses might experience. Indeed, American Airlines offers no rebuttal at all to Plaintiffs' common-sense suggestion that out-of-state witnesses may not need to travel at all and instead can testify at trial via deposition. This is a common practice that is specifically permitted by the Federal Rules. *See* Fed. R. Civ. P. 32(a)(4). Thus, the convenience of non-party witnesses is neutral.

Turning to the next factor, American Airlines does not claim that the accessibility of records and documents weighs in favor of transfer to the Northern District of Texas, nor is it likely the Court would have given this factor significant weight anyway. "While access to books and records is a factor to be taken into account when determining if transfer is warranted, modern technology allows easy reproduction and little weight should be given if the records can be easily transported." *Medicap Pharmacies, Inc*., 416 F. Supp. 2d at 688.

American Airlines is on stronger footing when it argues that transfer is appropriate because the conduct at issue occurred largely in Texas. Plaintiffs appear to admit, for example, that although they purchased their tickets and boarded their first flight in Iowa, it was Dallas where American Airlines allegedly failed to transfer the wheelchairs to the connecting airplane. Even here, however, American Airlines's position is not terribly strong, as much of the conduct of which Plaintiffs complain occurred in the *Southern* District of Texas (i.e., Houston), not the Northern District. It was Houston, after all, where Plaintiffs: interacted with American Airplanes staff; were forced to stay in an airport hotel instead of the hotel where they had reservations; and had to deal with their damaged wheelchairs. As Houston is approximately 240 miles away from Dallas, there does not appear to be a major advantage to convenience or efficiency from litigating in Dallas instead of Des Moines. Thus, although the location of underlying events weighs modestly in favor of transfer, it does not outweigh the convenience to Plaintiffs of keeping the case in the Southern District of Iowa.

The final "balance of convenience" factor is the applicability of each forum state's law. The parties spend little time on this factor in their filings, with American Airlines pointing out that Plaintiffs are relying on the Code of Federal Regulations to support their claims (ECF 6, p. 7) while Plaintiffs assert that their claims arise under Iowa law (ECF 9, p. 3). This factor weighs modestly in favor of keeping the case in the Southern District of Iowa.

       2.   The Interest of Justice Weighs Against Transfer.

When addressing the "interest of justice," courts generally consider the following factors:

> (1) judicial economy, (2) the plaintiff's choice of forum, (3) the comparative costs to the parties of litigating in each forum, (4) each party's ability to enforce a judgment, (5) obstacles to a fair trial, (6) conflict of law issues, and (7) the advantages of having a local court determine questions of local law.

*Terra Int'l*, 119 F.3d. at 696. As with the convenience-related factors, American Airlines has not met its burden of proving that the interest of justice factors support transfer. American Airlines does not offer anything beyond superficial arguments, for example, to explain why a Texas jury should decide whether two Iowans were injured by the conduct of a large national airline or why a federal judge in Texas is better situated than one in Iowa to address underlying legal questions. If, as Plaintiffs argue, the case arises under Iowa law, the opposite would appear to be true.

Meanwhile, Plaintiffs' choice of forum, which is given "considerable deference," *id*. at 695, weighs overwhelmingly in favor of keeping the case in the Southern District of Iowa, as does the comparative costs to the parties of litigating in each forum. Plaintiffs did not file suit in Iowa to gain any sort of tactical advantage, but rather because this is where they live and boarded their first flight on their way to Houston. *See, e.g.*, *Martin v. Wal-Mart Stores, Inc.*, No. C00-4027, 2000 WL 33915814, at *9 (N.D. Iowa Oct. 9, 2000); *Sparks v. Goalie Ent., Inc*., No. 4:06 CV 00602 JEG, 2007 WL 962946, at *8 (S.D. Iowa Mar. 30, 2007) ("Plaintiff has chosen her home state, a court where she can more reasonably access the judicial process. Defendant is attempting to thwart that choice, an attempt, which, if granted, may very well result in Plaintiff never having her 'day in court.'"). The interest of justice factors therefore support keeping the case in the Southern District of Iowa.

## III.   CONCLUSION.

American Airlines has failed to demonstrate that the convenience of the parties and witnesses and interest of justice warrant transfer of this case to the Northern District of Texas. Accordingly, its Motion for Transfer of Venue (ECF 6) is DENIED.

IT IS SO ORDERED.

Dated: June 16, 2023

STEPHEN H. LOCHER
U.S. DISTRICT JUDGE