IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION OF IOWA

| HARLEE DRURY and HEATHER REIMERS | : | CASE NO: 423-113 |
| --- | --- | --- |
| Plaintiffs, | : | |
| v. | : | ANSWER ON BEHALF OF DEFENDANT |
| AMERICAN AIRLINES, INC., | : | |
| Defendant. | : | |

**COMES NOW** the Defendant, by and through its attorneys of record, and for its Answer to Plaintiffs' Petition at Law and Jury Demand, states as follows:

1. The allegations contained within paragraph 1 of Plaintiffs' Petition at Law are denied for lack of information.

2. The allegations contained within paragraph 2 of Plaintiffs' Petition at Law are denied for lack of information.

3. The allegations contained within paragraph 3 of Plaintiffs' Petition at Law are admitted.

4. The allegations contained within paragraph 4 of Plaintiffs' Petition at Law are admitted.

5. The allegations contained within paragraph 5 of Plaintiffs' Petition at Law are admitted.

6. Defendant admits it operates flights to Des Moines, Cedar Rapids, Dubuque, Waterloo and Sioux City but denies the remaining allegations in paragraph 6.

7. The allegations contained within paragraph 7 of Plaintiffs' Petition at Law are admitted.

8. The allegations contained within paragraph 8 of Plaintiffs' Petition at Law are denied for lack of information.

9. The allegations contained within paragraph 9 of Plaintiffs' Petition at Law are admitted.

10. The allegations contained within paragraph 10 of Plaintiffs' Petition at Law are admitted.

11. The allegations contained within paragraph 11 of Plaintiffs' Petition at Law are admitted.

12. The allegations contained within paragraph 12 of Plaintiffs' Petition at Law are denied for lack of information.

13. The allegations contained within paragraph 13 of Plaintiffs' Petition at Law are admitted.

14. The allegations contained within paragraph 14 of Plaintiffs' Petition at Law are admitted.

15. The allegations contained within paragraph 15 of Plaintiffs' Petition at Law are denied for lack of information.

16. The allegations contained within paragraph 16 of Plaintiffs' Petition at Law are admitted.

17. The allegations contained within paragraph 17 of Plaintiffs' Petition at Law are admitted.

18. The allegations contained within paragraph 18 of Plaintiffs' Petition at Law are denied for lack of information.

19. The allegations contained within paragraph 19 of Plaintiffs' Petition at Law are denied for lack of information.

20. The allegations contained within paragraph 20 of Plaintiffs' Petition at Law are admitted.

21. The allegations contained within paragraph 21 of Plaintiffs' Petition at Law are denied for lack of information.

22. The allegations contained within paragraph 22 of Plaintiffs' Petition at Law are admitted.

23. The allegations contained within paragraph 23 of Plaintiffs' Petition at Law are denied for lack of information.

24. The allegations contained within paragraph 24 of Plaintiffs' Petition at Law are admitted.

25. The allegations contained within paragraph 25 of Plaintiffs' Petition at Law are admitted.

26. The allegations contained within paragraph 26 of Plaintiffs' Petition at Law are admitted.

27. The allegations contained within paragraph 27 of Plaintiffs' Petition at Law are denied.

28. The allegations contained within paragraph 28 of Plaintiffs' Petition at Law are admitted.

29. The allegations contained within paragraph 29 of Plaintiffs' Petition at Law are denied.

30. The allegations contained within paragraph 30 of Plaintiffs' Petition at Law are denied for lack of information.

31. The allegations contained within paragraph 31 of Plaintiffs' Petition at Law are admitted.

32. The allegations contained within paragraph 32 of Plaintiffs' Petition at Law are denied.

33. The allegations contained within paragraph 33 of Plaintiffs' Petition at Law are denied.

34. The allegations contained within paragraph 34 of Plaintiffs' Petition at Law are denied.

35. The allegations contained within paragraph 35 of Plaintiffs' Petition at Law are denied for lack of information.

36. The allegations contained within paragraph 36 of Plaintiffs' Petition at Law are denied for lack of information.

37. The allegations contained within paragraph 37 of Plaintiffs' Petition at Law are denied for lack of information.

38. The allegations contained within paragraph 38 of Plaintiffs' Petition at Law are denied for lack of information.

39. The allegations contained within paragraph 39 of Plaintiffs' Petition at Law are denied for lack of information.

40. The allegations contained within paragraph 40 of Plaintiffs' Petition at Law are denied for lack of information.

41. The allegations contained within paragraph 41 of Plaintiffs' Petition at Law are denied for lack of information.

42. The allegations contained within paragraph 42 of Plaintiffs' Petition at Law are denied for lack of information.

43. The allegations contained within paragraph 43 of Plaintiffs' Petition at Law are denied.

44. The allegations contained within paragraph 44 of Plaintiffs' Petition at Law are denied for lack of information.

45. The allegations contained within paragraph 45 of Plaintiffs' Petition at Law are denied.

46. The allegations contained within paragraph 46 of Plaintiffs' Petition at Law are denied.

47. The allegations contained within paragraph 47 of Plaintiffs' Petition at Law are denied for lack of information.

48. The allegations contained within paragraph 48 of Plaintiffs' Petition at Law are denied for lack of information.

49. The allegations contained within paragraph 49 of Plaintiffs' Petition at Law are denied for lack of information.

50. The allegations contained within paragraph 50 of Plaintiffs' Petition at Law are denied for lack of information.

51. The allegations contained within paragraph 51 of Plaintiffs' Petition at Law are admitted.

52. The allegations contained within paragraph 52 of Plaintiffs' Petition at Law are admitted.

53. The allegations contained within paragraph 53 of Plaintiffs' Petition at Law are admitted.

54. The allegations contained within paragraph 54 of Plaintiffs' Petition at Law are admitted.

55. The allegations contained within paragraph 55 of Plaintiffs' Petition at Law are denied.

56. The allegations contained within paragraph 56 of Plaintiffs' Petition at Law are denied.

57. The allegations contained within paragraph 57 of Plaintiffs' Petition at Law are denied for lack of information.

58. The allegations contained within paragraph 58 of Plaintiffs' Petition at Law are denied.

59. The allegations contained within paragraph 59 of Plaintiffs' Petition at Law are denied for lack of information.

WHEREFORE, Defendant respectfully requests that the Court dismiss the Plaintiffs' Petition at Law with costs taxed herein against the Plaintiffs.

## AFFIRMATIVE DEFENSES

1. By way of further answer and affirmative defense, Defendant states and alleges that Plaintiffs have failed to state a claim upon which relief may be granted.

2. By way of further answer and affirmative defense, Defendant states and alleges that the Plaintiffs' alleged damages, if any, were caused or contributed to by the acts or omissions of persons, entities or forces over which this Defendant exercised no authority or control.

3. By way of further answer and affirmative defense, Defendant states and alleges that Plaintiffs' damages, if any, may have been caused or contributed to by a pre-existing condition and/or a subsequently occurring condition for which this Defendant is not responsible.

4. By way of further answer and affirmative defense, Defendant states and alleges that Plaintiffs may have failed to mitigate **their** claimed damages.

5. By way of further answer and affirmative defense, Defendant states and alleges that Plaintiffs' claim for punitive damages violates, and is therefore barred by, the Fourth, Fifth, Sixth, Eighth

and Fourteenth Amendments to the United States Constitution, and comparable provisions of the Constitution of Iowa, on grounds including the following:

    a. It is a violation of due process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution, and comparable provisions of the Constitution of Iowa, to impose punitive damage, which are penal in nature, against a civil defendant upon the Plaintiffs satisfying a burden of proof that is less than "beyond a reasonable doubt" burden of proof required in criminal cases;

    b. The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing, which infringes upon the due process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution and comparable provisions of the Constitution of Iowa;

    c. The procedures pursuant to which punitive damages are awarded failed to provide a reasonable limit on the amount of the award against the Defendant, which thereby violates the due process clause of the Fourteenth Amendment to the United States Constitution and comparable provisions of the Constitution of Iowa;

    d. The procedures pursuant to which punitive damages are awarded failed to provide specific standards for the amount of the award of punitive damages, which thereby violates the due process clause of the Fourteenth Amendment to the United States Constitution and comparable provisions of the Constitution of Iowa;

    e. The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the similar or same acts, and thus violate the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution and comparable provisions of the Constitution of Iowa;

    f. The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes upon the due process clauses of the Fifth and Fourteenth Amendments in the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution and comparable provisions of the Constitution of Iowa;

    g. The procedures pursuant to which punitive damages are awarded permit the imposition of excessive fines in violation of the Eighth Amendment of the United States Constitution and comparable provisions of the Constitution of Iowa;

    h. The award of punitive damages to the Plaintiff in this action would constitute a deprivation of property without due process of law; and

    i. The procedures pursuant to which punitive damages are awarded permit the imposition of an excessive fine and penalty.

6.	By way of further answer and affirmative defense to Plaintiffs' claim for punitive damages, Defendant states with respect to the Plaintiffs' demand for punitive or exemplary damages, Defendant specifically incorporates by reference all standards and limitations regarding the determination and enforceability of punitive damages awards, including, but not limited to, those standards and limitations set forth in <u>BMW of North America v. Gore</u>, 517 U.S. 559 (1996), <u>Cooper Industries, Inc., v. Leatherman Tool Group, Inc.</u>, 532 U.S. 424 (2001); and <u>State Farm Mutual Automobile Insurance Company v. Campbell</u>, 530 U.S. 408 (2003).

7.	By way of further answer and affirmative defense, the Plaintiffs' claim for punitive damages, Defendant states and alleges that punitive damages awards in Iowa are not governed by any specific or adequate standards, are not based upon rational distinctions, do not serve any legitimate stated interest, are necessarily vague and arbitrary, and therefore are in violation of the due process and equal protection provisions of the Fifth and Fourteenth Amendments to the United States Constitution and comparable provisions of the Constitution of Iowa.

WHEREFORE, Defendant, respectfully requests that the Court dismiss the Plaintiffs' Petition at Law with costs taxed herein against the Plaintiffs.

### JURY DEMAND

COMES NOW the Defendant, and demands trial by jury of all issues herein.

**PEDDICORD WHARTON, LLP**

*/s/ Adam P. Bates*
**ADAM P. BATES, AT0010677**
Adam@peddicord.law
6800 Lake Drive, Suite 125
West Des Moines, IA 50266
Telephone: 515/243-2100
Facsimile: 515/243-2132
**ATTORNEY FOR DEFENDANT**

*Original e-filed.*

*Copies via e-file and e-mail to:*

Michael Marquess
Wes Hoyer
Marquess Law Office, P.C.
203 W. High St., PO Box 51
Toledo, IA 52342
**ATTORNEYS FOR PLAINTIFFS**

PROOF OF SERVICE

The undersigned certifies that the foregoing instrument was served upon all parties to the above cause to each of the attorneys of record herein at their respective addresses disclosed on the pleadings on 7/18/23 via e-file and e-mail.

*/s/ Annette R. Andersen*
Signature